Joseph Guillot, plaintiff herein, was seriously injured in an accident while working for the defendant, a commercial copartnership, on April 30, 1943, that necessitated amputation of his right leg about midway between the knee and hip joints. Recognizing liability for workmen's compensation defendant's insurer, Consolidated Underwriters, paid to plaintiff 65% of his weekly wages for a period of 146 weeks, or $12.95 per week, and thereafter refused to make further payment.
This suit was instituted on November 15, 1946. Plaintiff sought therein to have judgment awarded him on the basis of total permanent disability for 400 weeks, less payments theretofore made to him. He also alleged that in addition to the loss of leg, his disability was being contributed to by collateral effects of the injury and the amputation upon portions of the spine, the heart and other organs of the chest. The employer and its insurer were impleaded as defendants. They deny that plaintiff is totally permanently disabled to do work of any reasonable character on account of said injury and plead that if further compensation payments are due to him, the maximum number thereof should not exceed 27 as his case is governed and controlled by subsection 1(d) 8 of Section 8 of the Workmen's Compensation Law, Act 20 of 1914, as amended Act No. 242 of 1928, p. 357, wherein it is provided that for the loss of a leg a workman is entitled to 65% of his weekly wages for 175 weeks.
The lower court found for plaintiff and gave judgment in his favor for 400 weeks at $12.95 per week, less admitted payments, the last of which was made on February 13, 1946. Defendants appealed.
The plaintiff, appellee, died on May 7, 1947, exactly 64 weeks since the last payment *Page 279 
was made to him. His heirs, three children, and one grandchild, issue of a predeceased son, on application therefor, were substituted as parties plaintiff.
[1] At plaintiff's death the benefits accruing to him under the Workmen's Compensation Law ceased. These benefits were personal to him as a disabled workman and after his death payments that had not accrued were not heritable. The interest of his heirs and legal representatives is limited to the amount of payments that had accrued and had not been paid at the time of his death.
The judgment in plaintiff's favor, from which appealed, took on the character of a property right and increased in amount as time passed. To the extent of accrued payments at time of his demise his heirs now have a vested interest. This question was first presented to and considered by this court in the case of Renfrow v. Caddo Parish Police Jury et al., La. App., 155 So. 291. The same question was also involved in Hall v. Southern Advance Bag Paper Co., La. App., 158 So. 829.
The plaintiff when injured was 63 years old. He was an uneducated negro man and earned a livelihood by manual labor. The loss of the leg, in view of his advanced years, had a greater disabling effect than would have happened had he been a young man or even of middle age. His inability to perform the sort of labor he was performing when hurt is not seriously challenged. The medical testimony abundantly sustains this contention. This work required that he stand upon planks three feet above the ground and direct the flow of timers from a carriage into a trough and required that he frequently descend from and ascend to these planks. It is also shown that he endeavored to do the work of a porter for a drugstore, but was discharged because of inefficiency. Not one of the doctors who testified in the case would recommend him for labor to any industry desiring dependable workmen. Procuring steady work, yielding financial returns comparable with those earned by him before the loss of the leg, has become an impossibility.
[2] No good purpose would be promoted by summarizing the testimony in this case. The undisputed facts of the case, under the more recent jurisprudence of this state, remove plaintiff's case from the specific loss provision of the Workmen's Compensation Law to the total permanent disability provisions. This jurisprudence, as said in Henry v. Higgins Industries, Inc., La. App., 24 So.2d 402, 404, only requires that it be found: "that plaintiff was a common laborer and can no longer engage in the kind of labor in which he had earned his living prior to the occurrence of this accident * * *." See also Butzman v. Delta Shipbuilding Co., Inc., et al., La. App.,21 So.2d 80; Custer v. New Orleans Paper Box Factory, Inc., et al., La. App., 170 So. 388; McGruder v. Service Drayage Co., Inc., 183 La. 75, 162 So. 806.
The earlier jurisprudence on this question was not uniform, but now it is definitely settled by many cases, including those cited above, to be as reflected therefrom. Generally speaking, this jurisprudence rules out application of the specific liability provisions of the Workmen's Compensation Law when the facts of injury appear to be as we find them in the present case.
After trial and submission of the case below, defendants applied to have the case reopened on the ground that the whereabouts of a material witness, the foreman of the employer when plaintiff was hurt, had been discovered since trial. The motion was overruled for the following reasons assigned by the trial judge, to-wit: "The evidence is cumulative. Due diligence not shown. It was not alleged nor shown that no other witness could have so testified."
[3] Appellants complain here of this ruling. Our appreciation of the facts of the case impel us to the conclusion that the ruling was eminently correct for the reasons assigned to support it. It is averred that this foreman several times offered plaintiff work about the mill but that he refused to accept same. The character of the work tendered is not specifically described. In view of the established facts of the case we feet quite sure the testimony of this *Page 280 
absent witness, if taken, could not and would not to any extent affect the outcome of the case. The primary question herein relates to the plaintiff's disability to do work of any reasonable character, as defined by the court. When it is found that such disability existed from and after the amputation, the offer of work at the mill ceases to be of importance.
The lower court's award of compensation was correct, but plaintiff's death brought about conditions that necessitate judgment of a different form.
For the reasons herein given, there is now judgment in favor of Doris Guillot Hopkins, Israel Guillot, William Guillot and Doris Jean Guillot, sole heir of Sterling Guillot, a predeceased son of plaintiff, Joseph Guillot, all being the sole heirs and legal representatives of said plaintiff, and against defendants, Weaver Brothers Thompson and Consolidated Underwriters, in solido, for the sum of $828.81, with legal interest on the 64 installments of $12.95 each, constituting said total, from the time each became due until paid, and for all costs of this suit.