TATE, Judge.
.The plaintiffs are the widow and the heirs of the late Ozon Trahan. They sue to recover $5500 plus certain other ex *436 penses for which, prior to his death, Trahan had agreed to compromise his workmen’s compensation claim against his employer’s insurer (“Liberty Mutual”), made defendant herein. The plaintiffs appeal from summary judgment dismissing their suit.
Trahan died on January 4, 1965 from a heart attack not related to his work-caused disability.
The facts are undisputed. About two weeks earlier, on December 21st, he had agreed with Liberty Mutual to compromise his workmen’s compensation claim for $5500 plus the $259.79 medical expenses incurred. On December 28th, Liberty Mutual’s local counsel received medical expense drafts totalling $259.79 made out to an incorrect payee; consequently, they were returned to Liberty Mutual’s administrative office for reissuance. Within five days, Liberty Mutual’s counsel received the $5500 settlement draft, which he held awaiting return of the medical expense drafts.
However, before these came, the claimant died on January 4th, that is, about a week after the incorrectly issued medical-expense drafts had been returned.
Liberty Mutual concedes its liability to the claimant’s survivors for any compensation benefits due to the claimant Trahan at the time of his death, including medical expenses. Warren v. Globe Indemnity Co., 216 La. 107, 43 So.2d 234; Wascom v. Miller, La.App. 1 Cir., 101 So.2d 744. It denies any liability to his heirs for further workmen’s compensation benefits.
We think Liberty Mutual is correct in its contention that it is not further liable to the claimant’s survivors.
It is well-settled that the obligation to pay workmen’s compensation benefits to a disabled employee ceases upon his death from causes unrelated to his work injury. Warning v. Royal Indemnity Co., La.App.Orl., 75 So.2d 242; Guillot v. Weaver Brothers & Thompson Lbr. Co., La.App. 2 Cir., 31 So.2d 278, and cases therein cited. Likewise, the agreement to compromise for $5500 did not vest any right in the claimant or his heirs to recover this sum, for an agreement between an employer and his disabled employee to compromise or make a lump-sum payment of a workmen’s compensation claim is unenforceable unless the agreement is approved by the court as required by statute. LSA-R.S. 23 :1272-1274; Fluitt v. New Orleans, T. & M. Ry. Co., 187 La. 87, 174 So. 163; Watkins v. May Brothers, Inc., La.App. 3 Cir., 147 So.2d 763; Wascom v. Miller, La.App. 1 Cir., 101 So.2d 744.
Attempting to avoid the application of these principles, the plaintiffs urge that they are entitled to recover the proceeds of the unconsummated settlement because of Liberty Mutual’s negligent failure to conclude it more promptly, an allegedly unreasonable delay having resulted from Liberty Mutual’s incorrect preparation of the initial medical-expense drafts.
The concept of actionable negligence includes the concept of a breach of a duty owed by the person sued to the person damaged; ordinarily, recovery for damages sustained is allowable only where there was an antecedent duty to use care with respect to the interest invaded. Sloan v. Flack, La.App. 3 Cir., 150 So.2d 646, and authorities therein cited. The plaintiffs point to no legal duty owed by Liberty Mutual to Trahan or to them to conclude more promptly the settlement agreement reached two weeks before Trahan’s death. Thus, no actionable negligence is alleged or shown.
The trial court therefore correctly dismissed this suit by Trahan’s survivors to recover the proceeds of the unconsummated workmen’s compensation settlement. We affirm its judgment, with costs assessed to the plaintiffs-appellants.
Affirmed.