364 So.2d 944 (1978)
Leon S. HAAS, Jr. et al.
v.
BATON ROUGE GENERAL HOSPITAL.
No. 62084.
Supreme Court of Louisiana.
November 13, 1978.
James T. Guglielmo, Lewis & Lewis, Opelousas, for plaintiff-applicant.
Ben L. Guelfo, Watson, Blanche, Wilson & Posner, for defendant-respondent.
MARCUS, Justice.
During the course of her stay at Baton Rouge General Hospital, Mrs. Birdie Artigue Pedigo was injured on November 14, 1975, when she fell while attempting to leave her bed. She died on April 1, 1976 from an unrelated cause, leaving neither ascendants nor descendants. Her husband, John Lloyd Pedigo, survived her but died shortly thereafter on August 19, 1976.
This suit to recover damages for personal injuries to Mrs. Pedigo, allegedly caused by the negligence of defendant hospital, was filed on November 9, 1976 by Leon S. Haas, Jr., in his capacity as administrator of the estate of Mrs. Pedigo and as the testamentary executor of the estate of Mr. Pedigo. Defendant filed a dilatory exception of lack of procedural capacity and a peremptory exception of no right of action. After a hearing, the trial judge sustained the exception of no right of action and dismissed plaintiff's suit at his cost. He further decreed that the exception of procedural capacity was moot. Plaintiff appealed. Court of appeal affirmed the judgment of the trial court.[1] On plaintiff's application, we granted certiorari to review the correctness of this judgment.[2]
The sole issue presented for our consideration is whether Leon S. Haas, Jr. is a proper party plaintiff to bring this action for the personal injuries sustained by Mrs. Pedigo as a result of the alleged offense caused by defendant hospital.
La.Civil Code art. 2315 provides:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

*945 The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words `child', `brother', `sister', `father', and `mother' include a child, brother, sister, father, and mother, by adoption, respectively.
According to the clear language of the first sentence of the third paragraph of the above article, the right to recover damages (other than property damages) caused by an offense, upon the death of the injured person, shall survive for a period of one year from the death of the deceased in favor of certain designated beneficiaries. The right of action does not pass through the victim's succession to be transmitted to his heirs as an inheritance. Instead, it devolves exclusively upon specially designated classes of beneficiaries or survivors set forth in said article. Therefore, in the instant case, upon the death of Mrs. Pedigo, tort victim, the right to recover damages for the personal injuries sustained by her as a result of the alleged offense survived solely in favor of her spouse, Mr. Pedigo, in view of the fact that Mrs. Pedigo died without children. Hence, the succession representative of the tort victim's estate has no right to bring the action to recover damages for the personal injuries sustained by the tort victim. The court of appeal correctly sustained the exception of no right of action insofar as it was directed at plaintiff in his capacity as administrator of Mrs. Pedigo's estate.
However, where the designated beneficiary or survivor dies, whether suit has been instituted or not, the right to recover damages for the personal injuries sustained by the tort victim is inherited by the heirs of the designated beneficiary who survived the tort victim. The controlling provision in this regard is set forth in the last sentence of the third paragraph of Article 2315:
A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
In the instant case, Mr. Pedigo, designated beneficiary, survived his wife, Mrs. Pedigo (tort victim). Suit was not instituted prior to his death; however, it was instituted within one year from the death of his deceased wife. According to the clear language of the above sentence, the right to recover damages under the provisions of the third paragraph of article 2315, being a property right, on the death of Mr. Pedigo, was inherited by his heirs. Hence, the right of action is included in Mr. Pedigo's estate.
In sum, although the tort victim's right of action does not form part of her own succession, it is included in the beneficiary's estate, and thus is transmitted upon his death to his heirs according to the laws of succession.
Under La.Code Civ.P. art. 685, the succession representative is the proper party plaintiff to sue to enforce a right of the deceased or his succession while the latter is under administration. See also La.Civil *946 Code of Civil Procedure arts. 3196 and 3211. Hence, Leon S. Haas, Jr., as testamentary executor of Mr. Pedigo's succession, is the proper party plaintiff to bring this action for the personal injuries sustained by Mrs. Pedigo as a result of the alleged offense caused by defendant hospital. The court of appeal erred in holding otherwise.

DECREE
For the reasons assigned, judgment of the court of appeal affirming the dismissal of plaintiff's suit is reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
NOTES
[1] 357 So.2d 605 (La.App. 1st Cir. 1978).
[2] 358 So.2d 643 (La.1978).