455 So.2d 1275 (1984)
Shirley Mae SHERMAN, As Natural Tutrix for and on Behalf of the minor children Derrick James MAGEE and Kieta McGee
v.
B & G CRANE SERVICE and its Workmen's Compensation Insurer Liberty Mutual Insurance Company.
No. CA-2155.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1984.
*1276 Irwin R. Sanders, Metairie, for plaintiff-appellant.
Borrello & Huber, Keristine H. White, Metairie, for defendants-appellees.
Before GARRISON and WARD, JJ., SAMUEL, J. Pro Tem.
L. JULIAN SAMUEL, Judge Pro Tem.
Plaintiff, on behalf of her two minor children, appeals the granting of a summary judgment in favor of the two defendants, the deceased worker's employer and its workmen's compensation insurer, dismissing plaintiff's suit at her cost.
These are the undisputed facts: The children's father, James A. Magee, was injured on March 29, 1979, while in the course and scope of his employment with defendant B. & G. Crane Service. There is no dispute that on November 15, 1982, Mr. Magee died, not from a work related injury but from a gun shot wound he sustained while visiting relatives in Tylertown, Mississippi. After Magee's death, plaintiff filed suit on behalf of Magee's children for compensation benefits allegedly owed to the decedent. The trial judge granted defendants' motion for summary judgment.
Plaintiff admits no recovery is due under LSA-R.S. 23:1231, which provides death benefits to certain dependants for death resulting from a work-related injury. Instead, she contends decedent's heirs are entitled to the lump sum settlement that Mr. Magee was negotiating (pursuant to LSA-R.S. 23:1271) prior to his death, but which was unconsummated at the time of his death. She argues the deceased worker "had a property right in and to a settlement of his claim for injuries, and that this right is heritable under the law of Louisiana, and that his heirs, his two minor sons, should be allowed to enforce this claim, this property right".
Plaintiff also contends that should this court apply LSA-23:1231 (Death Benefits) to this case then the statute is contrary to the Fourteenth Amendment of the United States Constitution in that it denies the heirs the equal protection of the law and deprives them of a property right without due process. Apparently, this second contention regarding the constitutionality of 12:1231 was and is made because defendants' argument in the trial court on their motion for summary judgment was based not only on the inapplicability of 23:1231, but also on the expiration of the two year period for "injury causing death within two years after the accident" provision of the statute. As we find 23:1231 inapplicapable, we do not consider this constitutional contention.
Under the Louisiana Workman's Compensation Act, benefits are due to a disabled worker during "the period of such disability". LSA-R.S. 23:1221(1), (2), (3). Under these provisions the employer's obligation is to pay benefits on a weekly basis. During the employee's life, these benefits are personal to him as the disabled worker. He alone has the right to enforce the employer's *1277 obligation to pay. When the worker dies, the employer's obligation to pay the weekly benefits ceases because benefits are due only during the period of the disability. The employee's right to enforce the obligation is heritable but only to the extent of any accrued pre-death benefits. Guillot v. Weaver Brothers & Thompson Lumber Co. 31 So.2d 278 (La.App.2d Cir. 1947); Chapman v. Home Indemnity Co. 442 So.2d 1388 (La.App.3d Cir.1983) writ denied 445 So.2d 437 (1984).
[u]nder the Compensation Statute, ... LSA-R.S. 23:1021 et seq., there are contemplated two entirely separate and distinct categories of claimantsone category includes only the injured employee who, as the result of the accidental injury, may be either permanently or temporarily disabled, and the other includes those dependents such as the widow, the children, etc., who are entitled to compensation only if the employee dies as a result of the accidental injury. The two different claims cannot exist at the same time. So long as the employee lives, he is entitled to make claim and no one else has any claim. At his death the claim of his dependents them [sic] comes into existance. Since the rights of the employee terminated at his death, it necessarily follows that the compensation to which he might have been entitled is limited to the period during which he lived, and no one, as his heir or as his legal representative, can step into his shoes and make claim for the weekly compensation payments which had not at that time accrued. This is necessarily so, otherwise the employer or his insurer might be answerable to the personal representative of the deceased for such weekly payments as had not accrued and also to the dependent who, as the result of the death of the employee, may make claim as a dependent.
Warning v. Royal Indemnity Co., 75 So.2d 242, 245-246 (La.App.Orl.1954).
At death, if caused by the work-related injury, a cause of action for death benefits arises in favor of certain named dependents. LSA-R.S. 23:1231. Until the death of the worker, no cause of action exists in favor of those beneficiaries. If the death is unrelated to the work injury, the dependents have no recourse against the decedent's employer under the Worker's Compensation Act.[1]
Thus, the compensation accrued up to the time of death is heritable and should be treated as a debt due to the estate, i.e., the claim is to be exercised by the succession representative for the benefit of the heirs. Turner v. Southern Wheel and Rim Service, Inc., 332 So.2d 770 (La.1976). The affidavit accompanying the motion for summary judgment states that James Magee was paid compensation benefits at the rate of $141.00[2] per week from March 30, 1979 (the day after the injury) through December 16, 1982 with medicals of $25,021.10. In her deposition, plaintiff verified that compensation benefits in the amount of $141.00 per week were sent to James Magee beyond the death date. No accrued pre-death benefits are due and therefore, the heirs have no claim for such benefits.
*1278 In addition, since James Magee did not die of the work related injury, no cause of action in favor of his dependents arose under LSA-R.S. 23:1231.
As for the heirs' right to Magee's unconsummated settlement, this issue was decided in Trahan v. Liberty Mutual Ins. Co., 188 So.2d 435 (La.App.3d Cir.1966). In Trahan, prior to the claimant's death, the insurer had agreed with the worker to compromise the worker's compensation claim for $5500 plus medical expenses. The draft for the medical expenses was made out to an incorrect payee. Liberty Mutual's counsel held the $5500 draft to await the return of the corrected medical draft. Before the corrected check was returned, the claimant died of a heart attack unrelated to the work injury. His widow sued to recover the amount of the agreed settlement. The court held:
It is well-settled that the obligation to pay workmen's compensation benefits to a disabled employee ceases upon his death from causes unrelated to his work injury. Warning v. Royal Indemnity Co., La.App.Orl., 75 So.2d 242; Guillot v. Weaver Brothers & Thompson Lbr. Co., La.App. 2 Cir., 31 So.2d 278, and cases therein cited. Likewise, the agreement to compromise for $5500 did not vest any right in the claimant or his heirs to recover this sum, for an agreement between an employer and his disabled employee to compromise or make a lump-sum payment of a workmen's compensation claim is unenforceable unless the agreement is approved by the court as required by statute. LSA-R.S. 23:1272-1274; Fluitt v. New Orleans, T. & M. Ry. Co., 187 La. 87, 174 So. 163; Watkins v. May Brothers, Inc., La.App. 3 Cir., 147 So.2d 763; Wascom v. Miller, La.App. 1 Cir., 101 So.2d 744. Id. at 436.
The court further found there was no actionable negligence on the part of the insurer for failure to finalize the settlement negotiations more promptly and concluded the trial court correctly dismissed the survivor's suit to recover the proceeds of the unconsummated settlement.
Plaintiff's position in the case sub judice is not as strong as the plaintiff's in Trahan. Here, no prior agreement was reached between Magee and the insurer. Pre-death benefits were current and the inchoate settlement represented future (post-death) benefits. The employee's claim to disability benefits ended with his death. The heirs' only possible claims were to accrued pre-death payments, which were paid in full, or death benefits under 23:1231, which was inapplicable because the work injury did not result in the death.
As there is no genuine issue of material fact summary judgment was properly granted. LSA-C.C.P.art. 966.
Appellees have asked for damages for frivolous appeal, arguing the lawsuit was filed and the appeal taken without foundation in Louisiana law.
LSA-C.C.P.art. 2164 provides:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The Court may award damages for frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
The provisions of this article are penal in nature and must be strictly construed. Appeals are favored and no penalties will be awarded unless clearly due. Before damages for a frivolous appeal lie, it must be manifest that the appeal was taken solely for delay or that appealing counsel does not sincerely believe in the view of law he advocates. Although appellant's position lacks serious merit, it is our opinion it is not frivolous. Brasseaux v. Reaux, 394 So.2d 688 (La.App.3d Cir.1981); Redding v. Cade, 158 So.2d 880 (La.App.3d Cir.1963) writ denied 245 La. 811, 813, 161 So.2d 281 (1964). We therefore deny the request for damages for frivolous appeal.
For the foregoing reasons, the judgment appealed from is affirmed and plaintiff is assessed all costs in both courts. The request for damages for frivolous appeal is denied.
*1279 AFFIRMED; REQUEST FOR FRIVOLOUS APPEAL DAMAGES DENIED
NOTES
[1] We note, that the scheme under the Compensation Act is consistant with and similar to that provided in LSA-CC. art. 2315, regarding the survival of a tort claim after the death of the victim. Art. 2315 contains two separate provisions: the first concerns the "survival" action which allows certain survivors to sue for the damages suffered by the claimant prior to his death. The second, the "wrongful death", action is to compensate designated dependents for the loss they have personally suffered because of the death. The former, the victim's cause of action, does not abate at death but survives him in favor of the beneficiaries. This is unrelated to the latter dependent's own cause of action which does not arise until the wrongful death. If the death is unrelated to the tort, i.e. not "wrongful", no separate cause of action arises in the beneficiaries. Thus, it is possible to have a "survival" action without a "wrongful death" action. Louisiana Civil Law Treatise, W. Malone and H. Johnson, III, Workers Compensation Law and Practice, 2d Edition (1980), Vol 14 § 301; Johnson, Death on the Callais Coach: The Mystery of Louisiana Survival and Wrongful Death Actions, 37 La.L.Rev. 1 (1976).
[2] The maximum amount recoverable for injuries sustained in the year preceding September 1, 1979.