GARRISON, Judge.
This is an appeal from a judgment of the district court granting defendants’ exceptions of no right of action and dismissing plaintiff’s suit in CDC number 85-17564 entitled “Max Nathan, Jr. in his capacity as executor of the Succession of Herbert Nathan v. Touro Infirmary, et al.” From that judgment, plaintiff appeals.
Herbert Nathan was treated by Dr. Gordon Nutik at Touro Infirmary for a broken leg and hip. Herbert Nathan alleged that Dr. Nutik and Touro Infirmary committed malpractice upon him. Accordingly, on October 10, 1984, Herbert Nathan filed a malpractice suit against the defendants, but no service of process was requested. On that same date, Herbert Nathan filed the malpractice claim with the medical review panel. The October 10th malpractice suit is CDC # 84-16883 entitled “Herbert Nathan v. Touro Infirmary, et al.” That suit is not before this court on appeal.
On July 17, 1985 the medical review panel rendered its written decision.
On August 5, 1985 Herbert Nathan died of causes not related to the malpractice case.
On August 16, 1985 CDC #85-14594 “Succession of Herbert Nathan” was filed by Max Nathan, Jr. who was named executor in Herbert Nathan’s will. In addition, Herbert Nathan’s will named Max Nathan, Jr. as a 40% legatee.
On October 14, 1985, the instant suit entitled “Max Nathan, Jr. in his capacity as executor of the Succession of Herbert Nathan v. Touro Infirmary, et al.,” CDC # 85-17564 was filed by Max Nathan, Jr.
On November 21,1985, Max Nathan filed a Motion and Order to be Substituted as Party Plaintiff in # 84-16883 (the suit filed by Herbert Nathan.) The Order was *254 signed by the trial court judge on that same date.
On January 16, 1986 in CDC # 84-16883 (the suit filed by Herbert Nathan) Touro filed an Exception of Prematurity.
In Guidry v. Theriot, 377 So.2d 319 (La., 1979) the Supreme Court distinguished between wrongful death and survival actions:
“On its face, Article 2315, above, appears to grant the designated beneficiaries two separate and distinct causes of action, totally unrelated to each other. First, beneficiaries are given the right to recover the damages which the victim suffered and would have been entitled to recover from the tort feasor, if the victim had lived. This is commonly referred to as the ‘survival action’ which, by the express terms of the Article, survives the death of the injured party and passes to the beneficiaries as an inheritable property right. In addition, the named beneficiaries are granted the right, if the victim dies as a result of the tort, to recover from the tortfeasor such damages as the beneficiaries have suffered as a result of the victim's wrongful death. This is ordinarily denominated as the ‘wrongful death action'.
♦ * * * * *
We conclude that each of these actions is a separate and distinct cause of action. Although both actions arise from a common tort they are, nevertheless, separate and distinct because each arises at a different time. The survival actions comes into existence simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the victim’s death. The wrongful death action does not arise until the victim dies. Each right addresses itself to the recovery of damages for totally different injuries and losses. The survival action permits recovery only of the damages suffered by the victim from the time of injury to the moment of death. The wrongful death action is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter.” (at 322).
Thus it is apparent that the instant suit is a survival action capable of inheritance by the beneficiaries stated in C.C. Art. 2315.
The critical issue in the instant case is can a succession representative who is also a legatee bring a survival suit duplicative of a pre-existing “survival” suit previously filed by the deceased, where the succession representative-legatee is not part of the class of beneficiaries created in C.C. Art. 2315.
Only the beneficiaries designated under C.C. Art. 2315 can recover in a survival action. Haas v. Baton Rouge Gen’l Hospital, 364 So.2d 944, 945 (La., 1978). In the instant case, Herbert Nathan died without a surviving spouse, children, father, mother, brothers or sisters. Thus Herbert Nathan died without leaving any of the designated beneficiaries. Max Nathan, Jr. and the other legatees are not part of the classes of designated beneficiaries. Additionally, under Haas, above:
“... The right of action does not pass through the victim’s succession to be transmitted to his heirs as an inheritance. Instead, it devolves exclusively upon specially designated classes of beneficiaries or survivors set forth in said article ... Hence the succession representative of the tort victim’s estate has no right to bring the action to recover damages for the personal injuries sustained by the tort victim.” (At 945).
Plaintiff argues that King v. Cancienne, 316 So.2d 366 (La., 1975) stands for the proposition that there is no limitation on the classes of individuals who may prosecute a survival action under C.C. Art. 2315. We do not agree that King so stands. In King, the Louisiana Supreme Court stated:
“The issue before us is whether the right to bring a wrongful death action under La.C.C. art. 2315 is a civil effect of marriage, and may therefore be maintained by a good faith spouse.
* * # * * *
*255 ... Without deciding whether the survivors named are meant to be merely illustrative rather than exclusive, we pass to a consideration of whether that right of action may be claimed by a putative spouse.[7]
La.C.C. art. 2315 provides expressly that the surviving spouse is a party who may maintain an action for damages suffered because of the loss by death of his spouse by the delicts of another. Just as we have held in numerous cases that ‘good faith spouse’ is interchangeable with ‘spouse’ or ‘widow,’ we are constrained to hold that, under the clear analysis of La.C.C. arts. 117 and 118, construed with La.C.C. art. 2315, the good faith spouse may maintain the wrongful death action provided for under La.C.C. art. 2315.
Along with the right to maintain the wrongful death action for his own loss, La.C.C. art. 2315 provides that a spouse may also inherit the rights of the deceased spouse, which accrued because of delictual acts before the spouse’s death. Just as it is obvious under our previous holdings that a putative spouse could inherit the deceased spouse’s right of action under La.C.C. art. 2315, it necessarily follows that a putative spouse may maintain an individual action for the personal damages suffered because of the loss of the deceased spouse. The right of action provided for by La.C.C. art. 2315 is a civil effect of marriage produced in favor of a good faith spouse. A contrary holding would run counter to the holding of Succession of Navarro [24 L.Ann. 298] and our numerous cases discussed earlier, liberally construing the rights of putative spouses. We specifically overrule Vaughan v. Dalton-Lard Lumber Co., [119 La. 61, 43 So. 366 (La.1907) ] supra.”
Thus, the King case specifically does not discuss whether the C.C. Art. 2315 list is exclusive or illustrative and specifically does note that surviving spouse is one the listed beneficiaries.
Accordingly, the trial court properly dismissed plaintiff’s suit.
Nathan argues that the action begun by Herbert Nathan prior to his death was Herbert’s property which became part of his succession and is heritable by his legatees citing C.C.P. Arts. 426 and 801.
It would be improper for this court to address that issue. The case presently before us is the one instituted by the legatee-succession representative after the decedent’s death, namely CDC # 85-17564.
The suit filed by Herbert Nathan before his death, CDC #84-16883 is not before this court. No writ application was taken from the trial judge’s Order dated November 21,1985 which allowed substitution and no appeal has been taken in CDC #84-16883. Accordingly, the suit is not before this court and should not be addressed.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

 We recognize that there is considerable jurisprudence to the effect that the wrongful death action is said to be 'sui generis’ in Louisiana and should be strictly construed. We pre-termit comment upon this line of jurisprudence. ‘Spouse’ is a named beneficiary of that action and we need only determine here if a 'putative spouse’ is included within that designation.