523 So.2d 887 (1988)
Althea Angela HELLPENSTELL, et al.,
v.
BONNABEL HOSPITAL.
No. CA-7620.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Rehearing Denied May 11, 1988.
*888 Philip C. Ciaccio, Jr., New Orleans, for plaintiffs/appellants.
Darryl J. Foster, C. William Bradley, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for Bonnabel Hosp.
Frank J. Varela, Mary Fuchs Gaudin, Frank J. Varela & Associates, Metairie, for defendants/appellees.
Before GARRISON, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
This is an appeal from a judgment granting Bonnabel Hospital's (Bonnabel) exception of no right of action and dismissing the suit of Angela and Ralph Hellpenstell, individually and in their capacities as co-executors of the Estate of Ione Adolph.
The decedent, Ione Theresa Adolph (Adolph) was the cousin of Althea Hellpenstell. Robert Vincent Hellpenstell is the husband of Althea. Adolph left no surviving parents, siblings or children. Pursuant to the terms of Adolph's will, the Hellpenstells are the sole heirs and co-executors of her estate.
On June 25, 1985, Adolph was admitted to Bonnabel for treatment of severe abdominal pains. In conjunction with that treatment, Dr. Lloyd Locascio and Dr. Rene de Boisblanc performed exploratory surgery on Adolph on July 5, 1985. Subsequent surgery was performed on July 12, 1985.
Adolph died on April 20, 1986. The Hellpenstells filed this wrongful death and survival action on July 3, 1986 against Dr. Locascio, Dr. de Boisblanc and Bonnabel asserting negligence in their treatment and care of Adolph.
All three defendants filed various exceptions including no right of action, no cause of action, prematurity and vagueness. The exceptions of no right of action were heard first.
The record is clear that the Hellpenstells, through their former counsel, consented to a judgment granting the exception of no right of action filed by Dr. Locascio and Dr. de Boisblanc. With respect to Bonnabel's exception, the trial court held that, as a matter of law, the Hellpenstells were not entitled to assert a wrongful death and survival action because they did not fall within the classes of beneficiaries enumerated in La.C.C. Art. 2315.
The Hellpenstells appealed both judgments. This court, on August 20, 1987, granted a motion to dismiss the appeal against both doctors because of the plaintiff's consent to their exceptions at the trial level. This is the subject of their request for frivolous appeal, which is discussed at the conclusion of this opinion.
We first address the argument that as sole heirs and co-executor's of Adolph's estate the Hellpenstells are entitled to bring this action for the pain and suffering she sustained, as well as reimbursement for her medical expenses. Their asserted claim is a survival action. Their argument abandons any assertion of a claim for wrongful death.
THEIR INDIVIDUAL CAPACITIES:
At the time of Adolph's death, C.C. Art. 2315 provided:
"... (D)(1) The right to recover all other damages caused by an offense or a quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(a) The surviving spouse and child or children of the deceased, or either such spouse or such child or children;
(b) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and

*889 (c) the surviving brothers and sisters of the deceased or any of them, if he left no spouse, child or parent surviving;
(2) The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased.
(3) A right to recover damages under the provisions of this Paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not...."
In 1986 the legislature, by Act No. 211, effective August 30, 1986, restructured the survival and wrongful death actions by reenacting Article 2315, and enacting 2315.1, the survival action and 2315.2 the wrongful death action. Subsection B of 2315.1 created the right of a succession representative to bring an action for medical and funeral expenses in the absence of any other beneficiary set out therein. The survival and wrongful death provisions were transferred to 2315.1 and 2315.2 without any change in the three classifications of beneficiaries who have the right to bring such actions.
The Hellpenstells, in their individual capacities, do not fall in any beneficiary class enumerated in Article 2315. Those enumerated classes have consistently been held to be exclusive. Haas v. Baton Rouge General Hospital, 364 So.2d 944, 945 (La. 1978); Chatman v. Martin, 245 So.2d 423 (La.App. 2nd Cir.1971). The Court, in Haas, supra, stated:
"The right of action does not pass through the victim's succession to be transmitted to his heirs as an inheritance. Instead, it devolves exclusively upon specially designated classes of beneficiaries or survivors set forth in said article." Haas v. Baton Rouge General Hospital, supra, at 945. (Emphasis added).
We conclude that the Hellpenstells have no right of action in their individual capacities.
THEIR REPRESENTATIVE CAPACITIES:
In support of their argument that they have a right of action as co-executors of the Estate of Adolph, they rely primarily on the Supreme Court's recent decision in Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987).
In Nathan, Herbert Nathan had begun a malpractice action against Touro Infirmary prior to his death. He had no spouse or children, parents or siblings to survive him. His nephew, Max Nathan, Jr. was named as his heir and executor of his estate. After his uncle's death, Max Nathan continued to prosecute the malpractice action. The district court dismissed the suit filed by Max Nathan, Jr. on an exception of no right of action finding that he was not one of the named beneficiaries in C.C. Art. 2315 and therefore not entitled to assert the damages pertaining to the injuries his uncle suffered prior to his death. This court upheld the lower court's decision. The Supreme Court reversed and remanded the case.
The Hellpenstells assert that, although the facts of Nathan are slightly different, the reasoning and rationale of that case applies to the instant case and should lead to the same result. We disagree, and distinguish Nathan.
The jurisprudence has consistently held that succession representatives are not within the classes of beneficiaries entitled to institute survival and wrongful death actions. Haas v. Baton Rouge General Hospital, supra; Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 4th Cir. 1966) writ den., 248 La. 1106, 184 So.2d 27 (1966); Jones v. Philco-Ford Corporation, 452 So.2d 370 (La.App. 1st Cir.1984); Cullivan v. State Farm Mutual Automobile Insurance Co., 428 So.2d 1231 (La.App. 3rd Cir.1983); Moore v. Kinney, 315 So.2d 340 (La.App. 3rd Cir.1975). The Supreme Court in Nathan did not overrule this prior jurisprudence. Of critical importance is the fact that in Nathan, the tort victim instituted malpractice proceedings before his death, whereas in this case no such *890 proceedings were instituted until after Adolph's death. This factual difference, in our opinion distinguishes Nathan from the instant case.
The sole issue in Nathan was:
"We granted writs to resolve the issue of whether a succession representative as plaintiff may continue a C.C. Art. 2315 personal injury suit brought by a victim who died without surviving beneficiaries designated in C.C. Art. 2315." Nathan v. Touro, supra at 353. (emphasis added)
The court found that because Herbert Nathan's action for damages was not strictly personal, his heir and executor, pursuant to C.C.P. Arts. 428 and 801 had a right to continue the action in the absence of C.C. Art. 2315 survivors. The court carefully distinguished between an action as opposed to a right of action.
"Here, because Herbert Nathan instituted this action and asserted his claim before his death, his `right' of action has been transformed into `an action'. Once the suit was instituted, the `right to recover' of C.C. 2315 had already been asserted by the victim according to the provisions of the malpractice statute." Id. at 355.

In Guidry v. Theriot, 377 So.2d 319 (La. 1979), the court, in recognizing this crucial distinction between inheriting an instituted action and the right to institute an action stated:
"There is significant difference between inheriting an instituted action and inheriting the right to institute an action."
* * * * * *
"We hold, therefore, that once an action has been instituted under article 2315, whether by the victim, a beneficiary or the heirs of a beneficiary, the prescription period of that article no longer applies to the survival action but rather the nonabatement and substitution provision of La.C.C.P. Art. 428, 561 and 801 are controlling."
Id. at 324-325.
In referring to this holding in Guidry, the Court in Nathan concluded:
"A logical extension of the holding in Guidry is that if the C.C. Art. 2315 prescriptive period no longer applies once the suit has been instituted, neither does the limitation of beneficiaries. C.C. Art. 2315 includes the phrases `right to recover' and `right of action'. Here, the victim has already asserted his right to recover so there is no need to provide who will inherit his right to the action. The victim himself has made this decision by instituting suit, creating a property right which is heritable even if there are no C.C. Art. 2315 beneficiaries in existence." Nathan, supra, at 335.

Thus, we believe the applicable law is clear. Only where the victim has instituted a proceeding against the tortfeasor prior to his death is the right to continue that action upon his death governed by the abatement articles, C.C.P. Art. 426-428 and the substitution articles, C.C.P. Arts. 801 et. seq. When no such action has been instituted prior to the victim's death, the right to institute such an action after the victim dies is limited to those persons enumerated in Article 2315 as it existed at the time of Adolph's death. We also determine that Subsection B, which grants the succession representative the right to recover medical and funeral expenses, is inapplicable to this case since that provision did not become effective until August 30, 1986. This suit was filed July 3, 1986.
We note that Act 675 of 1987 amended Article 2315.1(B) to provide, as follows:
"B. In addition, the right to recover all damages for injury to the decedent, his property or otherwise, caused by the offense or quasi offense, may be urged by the decedent's succession representative in the absence of any class of beneficiary set out in the preceding Paragraph."
However, that amendment is not retroactive. See, La.C.C. Art. 8; Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App. 4th Cir.1977).
With the passage of the above amendment, we do observe, however, that our law concerning survival actions has come full circle, from Hubgh v. New Orleans and *891 Carrollton Railroad Company, 6 La.Ann. 495 (1851), which rejected the claims in toto, to the French interpretation as discussed in King v. Cancienne, 316 So.2d 366 (La.1975), and so skillfully argued by counsel. However, the jurisprudence as it exists today requires us to hold as we do even though it appears the French interpretaion was correct from the start.
FRIVOLOUS APPEAL
As previously noted, Drs. Locascio and de Boisblanc answered seeking damages for the frivolous appeal of the consent judgment which dismissed plaintiff's claim against them. In dismissing that portion of the appeal, this Court, citing the provisions of La.C.C.P. Art. 2085, held that the consent judgment was tantamount to acquiescence in the judgment.
In assessing damages for a frivolous appeal, "... it must be manifest that the appeal was taken solely for delay or that appealing counsel does not sincerely believe in the view of law he advocates." Sherman v. B & G Crane Service, 455 So.2d 1275 (La.App. 4th Cir.1984) at 1278.
It is clear from the record that plaintiffs' former attorney agreed to the dismissal, and that the judgment of dismissal was predicated on that consent. Although present counsel argues that the former attorney for the Hellpenstells did not have the authority to enter into the consent judgment, that issue is unsupported by the record. The affidavits filed in this court cannot be considered as they do not form part of the record. As previously noted by this court when it dismissed the appeal, the law is clear that a party cannot appeal from a consent judgment.
This Court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process, we are of the opinion, that in this case, such damages are clearly warranted. We therefore award a total of $750.00 in attorney fees to Drs. Locascio and de Boisblanc.
For the foregoing reasons, the judgment of the trial court is affirmed. Further, judgment is rendered in favor of Drs. Locascio and de Boisblanc in the total amount of $750.00 for frivolous appeal.
RENDERED AND AFFIRMED.