GOTHARD, Judge.
Appeal was taken from judgment of the 24th Judicial District Court, Parish of Jefferson, dismissing with prejudice plaintiffs breach of contract claim.
Plaintiff, Gayle Ponthier, brought suit against defendants, Insurance Company of North America, CIGNA Companies, (and others who have not answered) in her capacity as the administratrix of the succession of her son, Joseph Imbraguglio. In her petition plaintiff alleged that defendants breached a compromise of a Workers’ Compensation and/or a Longshoreman and Harbor Workers’ Compensation claim. Plaintiff specifically alleged that on August 16, 1985 a written offer of $50,000 was made to the attorney for decedent which was orally accepted and communicated to the attorney for the defendant Insurance Company of North America; that the only contingency remaining as to the agreement was whether the settlement would be structured or in a lump sum; and that prior to the settlement papers being drawn up, decedent was killed in an accident unrelated to this suit. Defendants filed an exception of no right of action to plaintiff’s petition averring the invalidity of the alleged compensation settlement for failure of the appropriate judicial or administrative approval from either the United States Department of Labor or the State Office of Workers’ Compensation. Plaintiff has appealed from the trial court’s judgment maintaining the exception dismissing her demand, with prejudice.
The issue presented on appeal is whether the trial court was in error in maintaining the exception of no right of action and dismissing plaintiff's case without first determining the validity of the compensation settlement. Plaintiff argues, that if the settlement is found to be valid, it may then be submitted for judicial approval.
Under the Louisiana Workers’ Compensation Act, benefits are due to a disabled worker during “the period of such disability.” LSA-R.S. 23:1221(1), (2), (3). Under these provisions the employer’s obligation is to pay benefits on a weekly basis. During the employee’s life, these benefits are personal to him as the disabled worker. He alone has the right to enforce the employer’s obligation to pay. When the worker dies, the employer’s obligation to pay the weekly benefits ceases because benefits are due only during the period of the disability. The employee’s right to enforce the obligation is heritable but only to the extent of any accrued pre-death benefits. Chapman v. Home Indemnity Co., 442 So.2d 1388 (La.App. 3rd Cir.1983), writ denied 445 So.2d 437 (1984).
At death, if caused by the work-related injury, a cause of action for death benefits arises in favor of certain named dependents, and, if there are none, then the surviving parent(s). LSA-R.S. 23:1231. Until the death of the worker, no cause of action exists in favor of those beneficiaries. If the death is unrelated to the work injury, the beneficiaries have no recourse against the decedent’s employer under the Workers’ Compensation Act. Trahan v. Liberty Mutual Ins. Co., 188 So.2d 435 (La.App. 3 Cir.1966) and cases cited therein. Since Joseph Imbraguglio did not die of the work related injury, no cause of action in favor of plaintiff arose under LSA-R.S. 23:1231.
As for Mrs. Ponthier’s right to her son’s agreement to compromise for $50,-000, whether consummated or unconsummated, it did not vest any right in the claimant or his heirs to recover this sum, for an agreement between an employer and his disabled employee to compromise or make a lump-sum payment of a workers’ compensation claim is unenforceable unless the agreement is approved by the court as required by statute. LSA-R.S. 23:1272-1274; Cambre v. Tassin Amphibious Equipment Corp., 464 So.2d 878 (La.App. 4 Cir.1985). If the claimant was settling a *190 Longshoremen’s claim against his employer the matter would have required approval by the deputy commissioner. Longshoremen’s Harbor Workers’ Compensation Act, 33 U.S.C. Sec. 901 et seq.; Du Puy v. Director, Office of Workers’ Comp. Prog. 519 F.2d 536 (7th Cir.1975), certiorari denied, 424 U.S. 965, 96 S.Ct. 1459, 47 L.Ed. 2d 732.[1]
Despite these principles, the plaintiff urges this court to reverse the trial court’s judgment and find that she is, at least, entitled to have the court decide the validity of the compensation settlement, so that it may then be submitted for judicial approval. A similar argument was urged in Sherman, For Magee v. B & G Crane Service, 455 So.2d 1275 (La.App. 4 Cir.1984). In Sherman, For Magee, the widow, on behalf of her two minor children, brought action against her husband’s former employer and its workers’ compensation carrier seeking recovery in regard to a lump-sum settlement which her husband had been negotiating with his employer prior to his death from injuries unrelated to his work injury. Both the trial court and the court of appeal held that unless the agreement was judicially approved by the court as required by statute, the heirs action for the inchoate settlement was unenforceable. See also, Trahan v. Liberty Mutual Ins. Co., supra. Likewise, the agreement in the case sub judice to compromise for $50,000, whether or not completed, did not vest any right in the claimant or his beneficiary to recover the sum, for lack of the requisite court approval. The employee’s claim to disability benefits ended with his death, and Mrs. Ponthier does not allege a claim for accrued pre-death payments, or death benefits under 23:1231 which was inapplicable because the work injury did not result in the death. Therefore, either in Workers’ Compensation, or Longshore and Harbor Workers’ Compensation the issue becomes whether or not there was judicial approval, rather than whether there was an agreement to present to the judge or commissioner. Thus, we must reluctantly conclude that because the settlement was not judicially approved, Mrs. Ponthier’s claim is without remedy. However much we may commis-surate with the plight of plaintiff whose late son may or may not have had an agreement for $50,000, it is not our province to overlook or choose not to apply the law as written.
As there has been no denial of a legal right for which plaintiff has a remedy, the exception of no right of action was properly maintained and plaintiff’s demand was correctly dismissed with prejudice. LSA-C.C.P. arts. 681, 934.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.

. The above quoted requirement of judicial approval of compensation settlements were legislatively imposed to protect the parties from unwise actions which may cause them serious detriment. Pepitone v. State Farm Mut. Ins. Co., 346 So.2d 266 (La.App. 4 Cir.1977); Malone & Johnson, Workers’ Compensation Section 387, 14 La.Civ.L.Treatise 273 (1980).