666 So.2d 696 (1995)
James HICKMAN
v.
The CITY OF NEW ORLEANS.
No. 95-CA-0210.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1995.
*697 Magdalen Blessey Bickford, Louis I. Robein, Jr., Robein, Urann & Lurye, Metairie, for Plaintiff/Appellee.
Avis Marie Russell, City Attorney, Milton Osborne, Jr., Deputy City Attorney, City of New Orleans Legal Department, New Orleans, for Defendant/Appellant.
Before BARRY, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
James Hickman, a firefighter with the New Orleans Fire Department (NOFD) since 1967, was injured on February 9, 1992, while pulling a hose on a fire truck. He received weekly indemnity benefits of $295 per week from that date until June of 1992. He was injured again on September 13, 1992, and received weekly indemnity from that date until the benefits were terminated by the City of New Orleans (the City) on October 21, 1992. Hickman filed the instant suit seeking reinstatement of the weekly indemnity and all associated medical expenses. In addition, he alleged that the City was arbitrary and capricious in terminating his benefits and is therefore liable for attorney fees and penalties.
At the hearing on the matter, the City disputed the occurrence of a September 1992 accident and injury and denied that benefits were ever paid in relation to that alleged accident. However, the Worker's Compensation Office found in favor of Hickman, awarding him Supplemental Earnings Benefit (SEB) of $1,268.50 per month, $5000 in attorney's fees[1], $35.00 for an outstanding medical bill, all future medical expenses arising from injuries sustained during his employment with the NOFD, a penalty[2] of 12% on all past due benefits, legal interest, and all costs. The City appeals that judgment.
An employee seeking compensation benefits must prove by a preponderance of the evidence that he is disabled and that there is a causal relationship with an employment accident. Westley v. Land & Offshore, 523 So.2d 812, 813 (La.1988). A disabling *698 condition is presumed to have occurred if the worker was previously in good health, but continuing symptoms appear after the accident, as long as there is a reasonable possibility of causal connection between the accident and the disabling condition. Droddy v. Cliff's Drilling, Inc., 471 So.2d 223, 224 (La. 1985). Should the employee establish this presumption, then the burden shifts to the employer. Id. Whether the employee has carried his burden of proof and whether the employee's testimony is credible are questions of fact to be determined by the trier of fact. Loyd v. IMC Fertilizer, Inc., 557 So.2d 1078, 1081-82 (La.App.2d Cir.), writ denied, 561 So.2d 102 (La.1990) (citations omitted). The City contends, however, that the manifest error/clearly wrong standard is not applicable to this case because it is hinged on documentary evidence rather than credibility of the witnesses. We disagree. The testimony of Mr. Hickman as well as his treating physician, Dr. Ruel, is significant in the evaluation of this case. Accordingly, credibility of witnesses is of primary importance and the manifest error/clearly wrong standard is appropriate.
Next, the City contends that the documentary evidence is so contradictory to Hickman's claim that a reasonable fact finder would not have found that he was involved and injured in a work-related accident in September of 1992. Specifically, the City points to the records of Dr. Ruel wherein he stated that the only history given to him by Hickman was that he aggravated his back problem when he picked up a spare tire at home. In addition, Hickman stated on one of his claim forms that he hurt his back as a result of lifting the tire. At the hearing, however, Hickman testified that he suffered a work-related injury on September 13, 1992, while he was lifting a hose off of a fire truck. He testified that the hose got caught and "jerked [him] backwards ... and it pulled [his] back." Hickman's co-worker, Anthony Battistella, corroborated Hickman's testimony, stating that he saw this accident and that later Hickman told him that he was experiencing back pain. Hickman's treating physician testified that the September 1992 accident aggravated a preexisting condition caused by previous work-related injuries. Given this testimony, we find no error in the Hearing Officer's conclusion that a work related accident took place in September of 1992.
In addition, the City disputes the Hearing Officer's finding that the injury suffered by Hickman in September 1992 was a disabling one. The City makes no specific argument to support its contention and, after a thorough review of the record and the reasons for judgment, we find no error in the Hearing Officer's conclusion that Mr. Hickman suffered a disabling injury in September 1992 and is no longer capable of performing the duties required of a fireman.
Without raising specific arguments or reasons in support of its contentions, the City makes a general assertion that Hickman is not entitled to a SEB award. The threshold requisite to the recovery of supplemental earnings benefits is that the employee's injury results in his inability to earn wages equal to ninety percent or more of the wages that he was earning at the time of the injury. Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007 (La.1989) (citations omitted). The employee bears the burden of proving by a preponderance of the evidence that the injury resulted in his inability to earn that amount.[3]Id. The analysis of whether the employee has sustained this burden "is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that worker's compensation law is to be liberally construed in favor of coverage." Id. In determining whether the employee is entitled to supplemental earnings benefits, the court should take into account all those factors which might bear on an employee's ability to earn a wage. Id.
At the hearing, Hickman testified that he had been a fireman since 1967, that he had no other technical skills, that he was earning approximately $34,000 annually at the time of his injury, and that he had applied without success at the local employment offices. The *699 City neither disputed Hickman's testimony on this issue, nor offered evidence of job opportunities that were appropriate to Hickman's experience, qualifications, and medical limitations. The hearing officer, in his oral reasons for judgment, noted that there was little likelihood that Hickman who had no certifiable, identifiable skills could find employment within his physical limitations earning 90% of his pre-injury income. Hickman sustained his burden of proof and in the absence of evidence to the contrary we find no error in the award of supplemental earnings benefits.
The City also takes issue with the fact that the Hearing Officer did not limit the award to the statutory 520 weeks. We agree with the contention that the SEB payments are not to exceed 520 weeks. Claimant is only entitled to SEB for the duration of his disability subject to statutory limitations or recovery. Woolsey v. Cotton Bros., 535 So.2d 1119, 1127 (La.App.2nd Cir.1988), writ denied, 537 So.2d 1168 (La.1989). However, we do not agree that the Hearing Officer erred in not setting at this time a definite period for Mr. Hickman's entitlement. The statute provides for earlier termination of benefits if Mr. Hickman's condition changes. Should these conditions arise prior to the statutory termination, the City can have the benefits terminated at that point. Therefore, the Hearing Officer did not err in failing to set a time period for the award.
Finally, the City argues that the Hearing Officer erred in assessing attorney fees and penalties based on a finding that it was arbitrary and capricious in terminating Hickman's SEB payments in October of 1992. The City contends that it was paying the benefits in relation to the February 1992 accident and properly terminated them and that no benefits were ever paid with regard to the September accident. The Hearing Officer found, however, based on the testimony and other evidence, that the City was well aware of Hickman's September accident but failed to adequately research Hickman's claim, choosing instead to terminate in an arbitrary and capricious manner the benefits to which Hickman was entitled. We find no error in this conclusion.
Hickman's Request for Damages for a Frivolous Appeal
Contending that this appeal is frivolous and filed merely to avoid paying benefits, Hickman seeks an award for attorney's fees and costs. Such damages are clearly warranted only when it is manifest that the appeal was taken solely for delay or that the appealing counsel does not sincerely believe in the view of the law he advocates. Hellpenstell v. Bonnabel Hosp., 523 So.2d 887, 891 (La.App. 4th Cir.1988), writ denied, 531 So.2d 282 (La.1988). There is no showing that the appeal was taken for delay purposes. Accordingly, Hickman's request for attorney's fees and costs is denied.
For the foregoing reasons, the judgment of the Hearing Officer is affirmed.
AFFIRMED.
NOTES
[1] La.Rev.Stat. 23:1201.2 provides for the assessment of reasonable attorney's fees for the discontinuance of benefits which is found to be "arbitrary, capricious or without probable cause."
[2] La.Rev.Stat.Ann. 23:1201(E) provides for imposition of a 12% penalty on the employer when compensation benefits are not paid when due unless "the employee's right to such compensation or medical benefits has been reasonably controverted by the employer or his insurer."
[3] In order for the employee to meet this threshold burden, it is necessary under the statute to establish his average monthly wages at the time of the injury. Id.