| iLANDRIEU, Judge.
This lawsuit arises out of an 1993 intersec-tional collision which occurred on July 17, 1993 [1]. Alleging injury to his left shoulder, Donald Waterman filed suit against the driver of the other car, Lionel Addamus and his insurance carrier, Colonial Penn Insurance Company. Prior to trial, the defendants stipulated to liability, policy coverage, and medical special damages. After a judge trial on the damages, the trial court rendered judgment in the Watermans’ favor, awarding special damages of $10,065.50 and general damages of $42,500, with judicial interest from the date of judicial demand and court costs. The defendants appeal this judgment. Assignment of Error No. 1
The defendants argue that Waterman, who had been treated for chronic tendinitis in his left shoulder in 1990 and who had been involved in a previous automobile accident in 1992 which resulted in cervical fusion, failed to prove aj_2_causal connection between his shoulder injury and the 1993 accident underlying this lawsuit. In a personal injury suit, plaintiff bears the burden of proving by a preponderance of the evidence that a causal relationship exists between the accident and the subsequent injury. Maranto v. Goodyear Tire & Rubber Co., 94-2603, 94-2615 (La. 2/20/95), 650 So.2d 757, 759 (citations omitted). The test for determining this causal relationship is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. Id.
At trial, Dr. George Byram, an orthopedic surgeon, testified that on March 11, 1994, he examined Waterman who complained of pain in his left shoulder and right wrist. Waterman told him that in July 1993 he had been in an automobile accident, that he had pain in his shoulder initially, and that the pain per *701 sisted in his left shoulder. After an MRI revealed inflammation of the rotator-cuff and a probable incomplete tear, Dr. Byram performed arthroscopic surgery in July 1994. He was unable to confirm a partial tear, but performed a subacromial decompression of Waterman’s shoulder to alleviate tendonitis. Dr. Byram stated that Waterman’s “problem was usually one that was associated with chronic repetitive trauma and not a single incident.” He conceded, however, that “the automobile accident could have effected the underline [sic] condition to some degree.”
In response to questioning by Waterman’s counsel as to whether the symptoms that ended up in surgery were, more likely than not, caused by the accident of July 1993, Dr. Byram answered as follows:
Well, also as an instance we haven’t mentioned here that I did see him in September of 1990 with a problem of the left shoulder. And my diagnosis at that time was tendonitis in the impingement syndrome of the shoulder. So, that was there prior to his automobile accident.
Again, I would say that, as more as I have said, I think consistently throughout this thing that this is a problem with chronic repetitive injuries and a single incident of trauma may make it ^systematically worst [sic], without necessarily effecting the basic pathology, making the basic pathology worst [sic]. Now whether that — did the single incident that we’re describing here did or did not, I do not think anybody can answer that for certain. I think that it’s possible, but I think his most likely scenario [is that] this was a chronic progressive degenerative problem that was occurring and it may well have reached the same state whether he had that accident or not.
The accident may have precipitated the symptoms and may have precipitated the necessity for surgical intervention, whether it had any real bearing [on the] basic pathology I think is highly is highly [sic] questionable.
We agree that this testimony is ambivalent as to the causation of the shoulder injury.
However, the judge summarized Dr. Byram’s testimony to mean that “given the history of the plaintiff and the Doctor’s examination of the plaintiff when he [did,] it is more likely that the plaintiff came [sic] symptomatic as a result of the ’93 accident.” When questioned by the judge, Dr. Byram affirmed that this was an accurate summary of his testimony. Thus, it appears that the medical testimony establishes causation. This assignment of error is without merit.

Assignment of Error No. 2

Shortly after the accident, Waterman sought treatment from Dr. Kenneth Vogel. An entry from Dr. Vogel’s records purportedly indicates that Waterman’s left shoulder was asymptomatic twelve days after the July 1993 accident. At trial, the defendants attempted to question Dr. Byram about this entry in Dr. Vogel’s records and plaintiffs’ counsel objected, arguing that Dr. Vogel should testify regarding his own report. After ascertaining that Dr. Vogel’s report was not a part of Dr. Byram’s records, the trial court sustained the objection.
On appeal, the defendants argue that the trial court erred in refusing to allow them to question Dr. Byram as to Dr. Vogel’s medical records. They claim that an expert may comment on any evidence shown to him, particularly any report prepared by any expert. Although La.Code Evid-Ann. art. 703 (West 1995), relied on by the plaintiffs for support of this position, allows an expert to base his 14opinion or inference on facts or data made known to him at or before a hearing, the question under the article is “whether experts in the particular field, would reasonably rely upon the opinions of others.” La.Code Evid. art. 703, comment— 1988 (citation omitted). Clearly, Article 703 does not require that a trial judge allow a medical witness to be cross-examined as to another physician’s medical report. If Dr. Vogel’s medical records of his treatment of the plaintiff contain material evidence which supports the defendants contention that Waterman’s shoulder injury was not caused by the accident, the defendants could have called him to testify.[2] Accordingly, this assignment of error is without merit.
*702 Finally, the plaintiffs contend that damages should be awarded because the appeal was taken solely for the purpose of delay and that there are no serious legal questions presented by the appeal. See Hell-penstell v. Bonnabel Hosp., 523 So.2d 887, 891 (La.App. 4th Cir.1988), writ denied, 531 So.2d 282 (La.1988). There is no showing that the appeal was taken for delay purposes. Accordingly, plaintiffs request for damages is denied.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. There is some discrepancy in the record as to the actual date of the accident. At oral argument, however, the attorneys affirmed the July 1993 date.

. The plaintiffs subpoenaed Dr. Vogel for trial and service was effected upon him. Defense *702 counsel suggested at oral argument that his testimony should be presumed contrary to plaintiffs interest because the plaintiffs did not call him to testify.