CULPEPPER, Judge.
This is a workmen’s compensation suit for $1,060.80, representing the difference between the correct rate of $23.40 and the incorrect rate of $19.50 paid by defendant for 272 weeks. The trial court overruled defendant’s plea of prescription and rendered judgment for plaintiff. Defendant appeals.
The principal issue is raised by defendant’s plea of prescription. The facts show that plaintiff’s husband was killed while working for the defendant on August 7, 1952; that the defendant paid compensation at the rate of $23.40 for a period of 28 weeks after the accident; that a dispute then arose as to the amount of the weekly rate; thereafter defendant reduced its payments to $19.50, which amount was paid for the 272 weeks remaining of the 300 week period for which compensation payments were due; that the last payment of $19.50 was made on May 2, 1958 and this suit was ■filed on June 30, 1958.
Defendant’s plea of prescription is based on LSA-R.S. 23:1209 which reads as follows :
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
*765 It is the contention of the defendant that since the reduction of the payments from $23.40 to $19.50 was not “agreed upon”, they were not “such payments” as would extend the period of prescription until one year from the date of the last payment.
In support of this argument defendant cites Brister v. Wray Dickinson Company, Inc., 183 La. 562, 164 So. 415 (1935), in which compensation was paid for about four months after the accident, after which time payments were discontinued for a period of fifteen months. Following this fifteen-month period defendant gave plaintiff a small gratuity of $12.50 for a few weeks. When the gratuities were stopped, plaintiff filed this suit contending that these gratuities were actually compensation payments, made pursuant to an agreement, so as to extend the period of prescription.
The defendant has quoted from this decision, as supporting his contention, the following statement: “In the plain language of the statute, it is only when ‘the parties shall have agreed upon the payments to be made under this act,’ and the last payment is one of ‘such payments,’ that ‘said limitations shall not take effect until the expiration of one year from the time of making the last payment.’ ”
A reading of the decision will show that the portion thereof from which the above quotation is taken discusses the gratuity of $12.50 per week which was paid for a few weeks before suit was filed. The court is stating that, in any event, these payments of $12.50 were not “agreed upon” as being payments of compensation, rather than gratuities, and therefore did not extend the period of prescription.
It is our understanding of this decision that the quoted language means that in order for payments to extend the period of prescription there must be an agreement that these payments are workmen’s compensation rather than mere gratuities. The Brister case did not involve a factual situation where an incorrect rate had been paid. As will be shown hereinafter in this opinion, later court of appeal cases have ruled on the specific situation where the payments made were admittedly compensation payments, but were not for the full rate required by the Act. See Malone, Louisiana Workmen’s Compensation Section 384, page 499.
In the case of Bolden v. Plant Line Stevedoring Co., 169 So. 189 (Orleans Appeals 1936) plaintiff was paid an incorrect compensation rate of $10.24 for 15 weeks. Within one year after the date of the last payment, but more than one year from the date of the accident, he filed suit for the difference between the incorrect and the correct rate. In overruling defendant’s plea of prescription the court interpreted Act 20 of 1914, Section 31 (now LSA-R.S. 23:-1209) as follows :
“There is nothing in the proviso in section 31 of the Louisiana statute which limits the word ‘payment’ to ‘maximum payment,’ and we must decline to so qualify it, ‘Such payments,’ we believe, means all such payments, whether in whole or in part.
“There plea of prescription must be overruled.”
In the case of Heard v. Receivers of Parker Gravel Company, 194 So. 142 (2nd Cir.App.1938) tire receivers of the defendant paid various amounts totaling $170 to plaintiff after the accident. These payments were not made pursuant to any agreement, court approved or otherwise. In denying defendant’s plea of prescription the court interpreted the statute in question as follows:
“We are of the opinion that the provision ‘unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act’ contemplates no agreed rate of pay or the period of time for the making of compensation payments; but refers to an understanding or agreement of the parties that the injury is compensable under the statute and that *766 the employee will be compensated for it.”
The recent case of Pope v. Coney, La. App. 1 Cir., 119 So.2d 136, also squarely rules that the one-year prescription is not available to defeat a claim for back compensation due, when payment at -an incorrect rate was made.
Applying the rule of law set forth in the Bolden, Fleard and Pope cases, supra, to the facts of the present case, it is our conclusion that the payments of $19.50 per week to plaintiff were understood and agreed to be payments of workmen’s compensation •and were therefore agreed upon payments within the meaning of LSA-R.S. 23:1209 -so as to extend the period of prescription for 'one year after the date of the last payment. Is is of no consequence that there was no agreement that $19.50 was the correct rate of compensation due under the statute.
In this court defendant also makes the argument that plaintiff’s claim is barred under the doctrine of “accord and satisfaction.” Defendant contends all of the elements of this doctrine are present, i. e., that this was a disputed claim in which defendant tendered and plaintiff accepted a certain sum in full settlement. Our answer to this argument is that the issue of prescription presented in this case is covered by the express provisions of LSA-R.S. 23 :- 1209 of our Workmen’s Compensation Statute. The general law on accord and satisfaction, (or transaction or compromise as it is termed in our applicable LSA-Civil Code, Article 3071) must yield to the special law in our Workmen’s Compensation Act. Furthermore, even assuming for the sake of argument that all of the necessary elements of a compromise under the general statute, LSA-Civil Code, Article 3071, are present here, the transaction could not be considered a valid and binding compromise under the Workmen’s Compensation Statute because a compromise between an employer and an employee, under the Act, must be approved by the judge. LSA-R.S. 23:-1271. There was no court approved compromise here.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.