616 So.2d 857 (1993)
Herbert RYDER, Plaintiff-Appellant,
v.
INDUSTRIAL CONSTRUCTION COMPANY, Defendant-Appellee.
No. 92-613.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
Writ Denied June 18, 1993.
*858 D. Rex Anglin, Shreveport, Glynn P. Pellegrin, Alexandria, for Herbert Ryder.
Leah H. McKay, Baton Rouge, for Indust. Const. Co.
Before GUIDRY, KNOLL and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from an order of the Office of Worker's Compensation (OWC) setting aside its approval of a settlement agreement for future worker's compensation benefits. The issue on appeal is whether the order approving the settlement agreement should have been set aside where the plaintiff died after the agreement was submitted to the OWC but before it was approved. Both the defendants and the OWC were unaware of plaintiff's death at the time the compromise agreement was approved.

FACTS
Plaintiff, Herbert Ryder, was employed as a painter by defendant, Industrial Construction Company. Plaintiff was allegedly injured at work on January 13, 1986 and began receiving worker's compensation benefits. In September 1990, plaintiff entered into a settlement agreement with Industrial Construction Company and Liberty Mutual Insurance Company to compromise his worker's compensation claim for the amount of $73,000.00.
A Joint Petition for Approval of Worker's Compensation Compromise Settlement was forwarded to the OWC on October 4, 1990, for judicial approval as required by La.R.S. 23:1272. Plaintiff died from causes unrelated to his work injury on October 18, 1990. Neither the defendants nor the OWC were notified of plaintiff's death. In fact, plaintiff continued to receive weekly benefit checks through November 26, 1990. On November 14, 1990, the OWC approved the compromise settlement.
It was not until January, 1991 that defendants were notified of plaintiff's death. At this time, they filed a motion to set aside the order of approval. The matter was heard on April 18, 1991. The hearing officer found that the failure to notify defendants of plaintiff's death was a misrepresentation under La.R.S. 23:1272. On August 30, 1991, he rendered an order and *859 opinion setting aside the order of approval. Plaintiff's dependents appeal from this order, asserting that it was error for the OWC to set aside the approval of the compromise agreement. We affirm.

LAW
Appellants assert the following arguments on appeal: (1) the settlement agreement is controlled by La.C.C. art. 1767, et seq., regarding conditional obligations; (2) there was no duty to inform defendants of plaintiff's death; and (3) the defendants had no basis upon which to attack the approved settlement.
Appellants first assert that the hearing officer erred in failing to recognize that the compromise agreement is controlled by La.C.C. art. 1767, et seq., regarding conditional obligations. However, we find that, as the Worker's Compensation Act specifically provides for compromise settlements, these specific provisions are controlling. See Watkins v. May Brothers, Inc., 147 So.2d 763 (La.App. 3 Cir.1962), (the general principles of transaction and compromise must yield to the special laws in the Worker's Compensation Act).
The requirements for effecting a compromise settlement of a worker's compensation claim are set out in La.R.S. 23:1272 as follows:
§ 1272.
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties.

* * * * * *
Appellants argue that an earlier version of the statute should be applied to the agreement in this case, however, as the current version was in effect at the time the parties entered into the agreement, we believe these provisions to be controlling.
Section B of 23:1272 provides that an order approving a compromise agreement shall not be set aside "except for fraud or misrepresentation made by any party." The hearing officer set the order of approval aside because he found that the failure to notify defendants of plaintiff's death was a misrepresentation, presumably, by omission. We agree.
A compromise agreement for a worker's compensation claim is not binding and enforceable until it has been judicially approved. Watkins, supra. Furthermore, an employee's right to worker's compensation benefits terminates upon his death. Chapman v. Home Indem. Co., 442 So.2d 1388 (La.App. 3 Cir.1983), writ denied, 445 So.2d 437 (La.1984); Holmes v. Holmes, 270 So.2d 578 (La.App. 3 Cir.1972). Therefore, when plaintiff died, there was no binding agreement in existence, and his right to any future worker's compensation benefits ceased. Defendants should have been notified of plaintiff's death because it was directly related to his right to receive benefits.
We find no error in the hearing officer's determination that the failure to notify defendants of the relevant fact of plaintiff's death was a misrepresentation sufficient to justify setting aside the order of approval.
For the foregoing reasons, we affirm the order of the OWC setting aside the order of approval of the compromise settlement. Costs of this appeal are assessed to appellants.
AFFIRMED.