I LAUNDERS, Judge.
In this workers’ compensation case, claimant appeals a judgment by the hearing officer granting exceptions of no cause and/or no right of action in favor of defendant, Falcon Rice Mill, Inc. For the following reasons, we reverse and remand.

FACTS

On November 16, 1989, claimant-appellant, Mr. James A. Buller, was involved in an accident, apparently while employed by a different Falcon Rice Mill, Inc. (hereinafter Falcon) from the defendant herein. Almost three years later, on August 13, 1992, Mr. Buller entered into a workers’ compensation settlement agreement with that Falcon and Louisiana Employer’s Safety Association. At the 12time of the settlement, claimant was not represented by counsel, unlike defendants, both of whom were represented by the same attorney. The terms of the compromise required the employer and its insurer to pay the employee $20,000.00, “with the understanding that any and all reasonable and necessary medical expenses incurred as a result of this work-related accident have been paid in full....”
This dispute arose when, after the settlement, third party provider Crowley Physical Therapy Clinic, made demand upon James *510 Buller for payment of its bill in the amount of $5,460.00 for services rendered prior to the settlement.
After defendants refused Mr. Buller’s efforts to have them pay the outstanding medical bill, Mr. Buller filed a rule to show cause why defendants should not be required to pay the medical bill. Alternatively, claimant requested that the Office of Workers’ Compensation nullify the settlement agreement due, among other things, to defendants’ failure to pay and because the settlement agreement was not approved by the hearing officer in accordance with the workers’ compensation requirements of this state.
In response to claimant’s motions, defendant, Falcon, filed an Exception of No Cause or No Right of Action, claiming in part that it was not Mr. Buller’s employer. The hearing officer ruled in favor of defendants’ exception and declined to reach claimant’s rule. Claimant’s appeal followed judgment in favor of Falcon rendered on March 30, 1995.

OPINION

Among other grounds, plaintiff complains that his settlement agreement was not approved by the hearing officer as required by La.R.S. 23:1272, reproduced in pertinent part below. Falcon does not contest this issue, but rather clings to its ^assertion that Egan Rice Drier, Inc. should be substituted in its place as the proper defendant against whom claimant must seek reimbursement of medical expenses.

Law Clear

La.R.S. 23:1272, containing the workers’ compensation act’s specific provisions concerning compromise settlements, clearly controls. Ryder v. Industrial Const. Co., 616 So.2d 857 (La.App. 3 Cir.), writ denied, 619 So.2d 1068 (La.1993), citing Watkins v. May Brothers, Inc., 147 So.2d 763 (La.App. 3 Cir. 1962).
See. 1272. Approval of lump sum or compromise settlements by the hearing officer
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties.
[[Image here]]
This version of La.R.S. 23:1272 is applicable because it “was in effect at the time the parties entered into the agreement.” Ryder v. Industrial Const. Co., 616 So.2d at 859.

Plaintiff Entitled to Judgment

Section (B) of La.R.S. 23:1272 provides that an order approving a compromise agreement shall not be set aside “except for fraud or misrepresentation made by any party.”
“The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition.” Kuebler v. Martin, 578 So.2d 113,114 |4(La,1991) (cites omitted); Trahan v. McManus, 94-167 (La.App. 3 Cir. 3/22/95); 653 So.2d 89. For purposes of ruling on an exception of no cause of action, the court must accept as true all of the allegations contained in the petition and sustain the exception only if the law affords no remedy. Ward v. Tenneco Oil Company, 564 So.2d 814 (La.App. 3 Cir.1990).
In this ease claimant, having alleged misrepresentation on the part of defendants, clearly states at least one cause of action, for nullity. The hearing officer having granted defendant’s exception of no cause of action, we reverse this portion of the judgment of the hearing officer.

Against Whom

The hearing officer also incorrectly determined that an exception of no right of action may be used to address the question *511 of whether claimant was entitled to proceed against the Falcon Rice Mill sued in this proceeding.
The defendant in this proceeding does not seek immunity on the basis of some merger or consolidation, which would not affect the employee’s claim any more than it would affect the claim of any other creditor. See La.R.S. 12:115.[1] Rather, as the | shearing officer observed, claimant’s employer, formerly of the same name as the one wrongly sued here, still exists but “has since legally changed its corporate name to Egan Rice Drier, Inc.”
A. The several parties to the joint agreement shall be one business, nonprofit or foreign corporation, which shall be
(1) In the case of merger, that one of the constituent business, nonprofit or foreign corporations into which it has been agreed that the others shall be merged, and which shall survive the merger for that purpose, or
(2) In the case of consolidation, the new business, nonprofit or foreign corporation into which it has been agreed that the others shall be consolidated.
[[Image here]]
D. All of the property and assets of whatsoever kind or description of each of the constituent business, nonprofit or foreign corporations, and all debts due on whatever account to any of them, including subscriptions for shares and other choses in action belonging to any of them, shall be taken and be deemed to be transferred to, and vested in, the surviving or new business, nonprofit or foreign corporation without further act or deed.
E. The surviving or new business, nonprofit or foreign corporation shall be responsible for all of the liabilities and obligations of each of the business, nonprofit and foreign corporations merged or consolidated, in the same manner as if such surviving or new corporation had itself incurred such liabilities or obligations; but the liabilities of such constituent corporations or of their shareholders, members, directors or officers shall not be affected, nor shall the rights of the creditors thereof, or of any persons dealing with such corporations, be impaired by such merger or consolidation; and any claim existing, or action or proceeding pending, by or against any of such constituent corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or the surviving or new corporation may be proceeded against, or substituted, in place of such constituent corporation.
The exception of no right of action, unlike the exception of no cause of action, “questions whether the litigant, who sets forth a cause of action, has any interest in enforcing judicially the right asserted.” Trahan v. McManus, at p. 3, 653 So.2d at 91. However, the exception of no right of action may not be used to determine whether a particular defendant can stand in judgment in a particular case. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972); Marquis v. Cantu, 371 So.2d 1292 (La.App. 3 Cir.1979). Issues thus raised must be resolved by trial or motion for summary judgment. Marquis v. Cantu.

16CONCLUSION

In light of the foregoing, the judgment of the hearing officer is reversed and remanded.[2] Costs of appeal assessed to plaintiff. Costs at trial to await outcome.
Q. ... was it contested that [claimant] was hurt in an accident while he was employed?
A. No.
Q. Was it contested that he was working for the Falcon Rice Mill [now Eagan Rice Drier, Inc.] at the time that he hurt.
A. No.
REVERSED AND REMANDED.

. Sec. 115. Effect of merger or consolidation Upon the effectiveness of the merger or consolidation, the effect thereof shall be that:

. Although like the hearing officer we are unable to reach the merits of appellant's claim for medical expenses, we observe that Egan Rice Drier’s trial counsel not only signed the compromise agreement (which seems to require its payment of claimant’s medical expenses), but apparently conceded extra contractual liability;