| iPETERS, Judge.
Gabrielle Chad LeBIanc, through her tu-trix, Rebekah Buteaux, and Sandy T. Bo-urque, the Administratrix of the Succession of Chad Almic LeBIanc, brought suit against various defendants, including the State of Louisiana, through the Department of Transportation and Development (DOTD), to recover damages arising out of the Rdeath of Chad Almic LeBIanc. Ms. Bourque, as ad-ministratrix of the succession, sought to recover the funeral expenses that she had personally paid on behalf of the succession. She appeals the trial court’s judgment granting exceptions of no right and no cause of action in favor of DOTD and dismissing her claim.
*711 DISCUSSION OF THE RECORD
The pleadings filed in the record reflect that Chad Alinie LeBlanc was killed on September 21, 1995, when a vehicle occupied by him and Michael W. McKenzie was struck by a train. At the time of his death, LeBlanc was not married. On October 4, 1995, just thirteen days after his death, Gabrielle Le-Blanc was born to Rebekah Buteaux. The pleadings assert that Gabrielle is Chad Le-Blanc’s daughter.
According to the pleadings, prior to Gabrielle’s birth, Sandy Bourque, Chad LeBlanc’s mother, personally paid her son’s funeral expenses totaling $10,562.64. On September 18,1996, Ms. Bourque qualified as the admin-istratrix of her son’s succession and Ms. Bu-teaux qualified as Gabrielle’s tutrix.
On June 19, 1996, Michael W. McKenzie filed a suit for damages arising out of the accident and named several defendants, including Chad LeBlanc’s estate (the McKenzie suit). Gabrielle, through her tutrix, and Ms. Bourque, as administratrix, also filed a suit for damages (the LeBlanc suit) and named as defendants the same parties as the McKenzie suit except that Chad LeBlanc’s estate was replaced as a defendant by McKenzie. The LeBlanc suit was filed on September 18, 1996, and was consolidated with the McKenzie suit by an order signed October 8, 1996.
DOTD responded to the succession’s claim in the LeBlanc suit by filing an exception of no cause of action. After a hearing, the trial court granted the exception but gave Ms. Bourque thirty days to amend her pleadings. She timely amended her | ^¡petition to assert that she had personally paid the funeral bill prior to the birth of Gabrielle and was therefore an heir under La.Civ.Code arts. 2815.1 and 2315.2 and that she had made demand on the succession for repayment.
DOTD then filed an exception of no right of action and a second exception of no cause of action. The exceptions were submitted on memoranda filed with the court, and after taking the issues under advisement, the trial court rendered written reasons for judgment, granting both exceptions. The administra-trix has appealed.
OPINION
As stated by the supreme court in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993), “[t]he function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.” The reviewing court must accept the well-pleaded allegations of fact as true, and the only issue is whether, “on the face of the petition, the plaintiff is legally entitled to the relief sought.” Id. No evidence may be introduced to support or controvert the exception. La.Code Civ.P. art. 931.
By contrast, the function of the exception of no right of action is to question whether a particular litigant who has set forth a cause of action is the proper party to judicially enforce the cause of action asserted. Buller v. Falcon Rice Mill, Inc., 95-644 (La.App. 3 Cir. 11/2/95); 664 So.2d 509. Evidence may be introduced to support or controvert this exception. La.Code Civ.P. art. 931.
The claim asserted by the administra-trix is for the recovery of the funeral bill which arose as a result of the death of Chad LeBlanc. The administratrix asserts that she is the proper party to bring the action to recover the funeral expenses. La.Code LCiv.P. art. 685 provides:
Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.
(Emphasis added).
One exception to this general rule is provided in La.Civ.Code art. 2315.1, which provides a cause of action to survivors of an injured person who dies, allowing the survivors recovery of all damages the injured person sustained between the time of injury and the time of death. La.Civ.Code art. 2315.2 is *712 another exception. That Article provides a cause of action to survivors of one who dies due to the fault of anothér to recover for their own losses.
Acts 1986, No. 211 amended La.Civ.Code art. 2315 by deleting certain language from that Article and enacting La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2 to replace the deleted language. Prior to passage of Acts 1986, No. 211, La.Civ.Code art. 2315 read as follows:
A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
C. (1) The right to recover damages to property caused by an offense or quasi-offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
(2) As used in this Paragraph, property damages may include expenses or monetary obligations necessarily incurred by the obligee on account of such offense or quasi-offense; however, if the obligee is survived by any beneficiary enumerated in the following Paragraph of this Article, such expenses or obligations, shall be recoverable by said beneficiaries.
D. (1) The right to recover all other damages caused by an |soffense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(a) The surviving spouse and child or children of the deceased, or either such spouse or such child or children;
(b) The surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and
(c)The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(2) The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased.
(3) A right to recover damages under the provisions of this Paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
E.As used in this Article, the words “child”, “brother”, “sister”, “father”, and “mother” include a child, brother, sister, father, and mother, by adoption, respectively.
After the amendment, all that remained in La.Civ.Code art. 2315 were the first two paragraphs, with the remaining paragraphs being incorporated into the newly-created Articles. La.Civ.Code art. 2315.1 now reads in pertinent part:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
[[Image here]]
B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased’s succession representative in the absence of any class of beneficiary set out in Paragraph A.[1]
*713 La.Civ.Code art. 2315.2 now reads in pertinent part:
A. If a person dies due to the fault of another, suit may be Rbrought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
Although funeral expenses originally appeared to be recoverable under the survival action, since its amendment by Acts 1987, No. 675, § 1, the jurisprudence has consistently recognized that funeral expenses are an element of damages in the wrongful death action. See Phelps v. White, 94-267 (La.App. 3 Cir. 10/5/94); 645 So.2d 698, writ denied, 95-0151 (La.3/17/95); 651 So.2d 272; Baudoin v. Acadia Parish Police Jury, 620 So.2d 453 (La.App. 3 Cir.), writ denied, 626 So.2d 1166 (La.1993); Lantier v. Aetna Cas. & Sur. Co., 614 So.2d 1346 (La.App. 3 Cir.1993). Additionally, prior to the amendment of La. Civ.Code art. 2315 by Acts 1986, No. 211, the jurisprudence had consistently held that “succession representatives are not within the classes of beneficiaries entitled to institute survival and wrongful death actions.” Hellpenstell v. Bonnabel Hosp., 523 So.2d 887, 889 (La.App. 4 Cir.), writ denied, 531 So.2d 282 (La.1988).
While this issue has not been addressed since the enactment of La.Civ.Code arts. 2315.1 and 2315.2, we find nothing in the current Articles that changes that conclusion absent the situation provided for in La.Civ. Code art. 2315.1(B). That Subsection is not applicable because Gabrielle is the proper party to pursue the survival action and the wrongful death action under La.Civ.Code arts. 2315.1(A)(1) and 2315.2(A)(1) respectively. Thus, we find that the trial court was correct in concluding that the administratrix of the succession did not have a right of action to pursue the claim for funeral expenses against the defendants. Because the trial court’s decision to grant the exception of no right of action is dispositive of the issue ^before us, we need not consider the ruling on the exception of no cause of action.
DISPOSITION
For the foregoing reasons, we affirm the trial court’s judgment dismissing the claim of Sandy T. Bourque, Administratrix of the Succession of Chad Almic LeBlane. All costs of this appeal are taxed against Sandy T. Bourque in her capacity as Administratrix of the Succession of Chad Almic LeBlane.
AFFIRMED.

. Acts 1987, No. 675, § 1 amended this paragraph by substituting "all damages for injury to the decedent, his property or otherwise, caused by the offense or quasi offense" for the original language "medical expenses and funeral expenses only.”