STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-339


DAVID LEGER

VERSUS

B.O.P. CONTROLS, INC. & LWCC

\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 4, NO. 16-05691
HONORABLE SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
SYLVIA R. COOKS
JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and
Shannon J. Gremillion, Judges.

**AFFIRMED.**

William J. Casanova
Miller & Associates
P. O. Drawer 1630
Crowley, LA 70527
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLEE:
    David Leger

M. Jeremy Berthon
2237 S. Acadiana Thruway
Baton Rouge, LA 70808
(225) 231-0925
COUNSEL FOR APPELLANT:
    B.O.P. Controls, Inc. and LWCC

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

The pertinent facts surrounding this appeal are not in dispute. On June 9, 2014, while in the course and scope of his employment with B.O.P. Controls, Inc., David Leger severely injured his left thumb. The parties submitted to a mediation wherein they agreed to a full and final settlement of $60,000.00 on Mr. Leger's claims.

On July 21, 2016, a fully executed "Joint Petition for Approval of Compromise Settlement" was submitted to the Office of Workers' Compensation (OWC) for an order of approval as required by La.R.S. 23:1272(B). There was no dispute that the settlement conformed to the procedural requirements set forth in La.R.S. 23:1272(B). The following day, on July 22, 2106, Mr. Leger tragically and unexpectedly passed away due to circumstances unrelated to his work accident. As of the date of Mr. Leger's death, the workers' compensation judge (WCJ) had not yet signed the order approving of the settlement. Counsel for Mr. Leger immediately notified the employer and the OWC of Mr. Leger's death. On July 26, 2016, the employer withdrew from the settlement agreement.

Due to the employer's withdrawal from the settlement, suit was filed on behalf of Mr. Leger's son and heir, Eddy Leger (hereafter Plaintiff), seeking approval and enforcement of the July 21, 2016 submitted settlement. On November 10, 2016, after a hearing on the matter, the WCJ approved the parties' settlement. The WCJ, in oral reasons for judgment, explained that it was her belief that the plain wording of La.R.S. 23:1272(B) mandated that she approve the settlement. A final judgment was signed reflecting that ruling on November 29, 2016. This appeal followed, wherein the employer and its workers' compensation insurer, LWCC (hereafter Defendants), assert the following assignments of error:

2

1. The WCJ committed legal error in approving the workers' compensation settlement of David Leger after he died.

2. The WCJ committed manifest error in finding a lump sum payment was in the best interest of the parties and that the employer consented to the settlement.

## ANALYSIS

At issue in this case is whether the WCJ committed legal error in approving the parties' settlement following the unexpected death of Mr. Leger. When a settlement in a workers' compensation claim involves a represented party, as is the case herein, the applicable statute is La.R.S. 23:1272(B), which provides:

> When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers' compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and, (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers' compensation judge shall approve the settlement by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.

There is no dispute that the settlement met the two procedural requirements set forth in the statute. The statute clearly mandates that when these procedural requirements are satisfied, the WCJ "*shall* approve the settlement by order." The only exception to that clear mandate is if there are instances of fraud or misrepresentation. There are no allegations of fraud or misrepresentation herein, and counsel for the employer/insurer acknowledged before this court that the settlement was a "good" one.

As noted by our supreme court in *Louisiana Federation of Teachers v. State of Louisiana*, 13-120, p. 26 (La. 5/7/13), 118 So.3d 1033, 1051, "[u]nder well-established rules of interpretation, the word 'shall' excludes the possibility of being 'optional' or even subject to 'discretion,' but instead 'shall' means 'imperative, of similar effect and import with the word 'must.'" (Citations omitted.) In her oral

3

reasons for judgment, the WCJ specifically noted the legislature's inclusion of the word "shall" in the 2001 amendment of the statute removed any discretion a WCJ had in signing the agreement:

> When this statute was [amended], the Workers' Copensation judges at a meeting, discussed, I guess, and it was, I think, in my mind everyone was in agreement that, yes, any discretion was taken away. The "approval" is – is "proforma" the correct word?
>
> So if the positions were reversed, if the claimant wanted to back out of the settlement, I think you would be making the same argument that Mr. Casanova [counsel for Plaintiffs] is making, Mr. Berthon [counsel for the employer/insurer]. The statute says, "it shall be approved." It does not say, "If the judge finds it to be providing substantial justice to the parties."
>
> . . .
>
> So it is my finding that the settlement documents do comply with 23:1272(B), and it is further my determination and finding that the workers' comp judge upon finding compliance with that provision has no discretion whatsoever as to the execution of the settlement. Therefore, the "approval" was in form only, and therefore, I do find that [Plaintiffs are] entitled to enforce the settlement.

We agree that the mandatory of language of La.R.S. 23:1272(B) removed any discretion from the WCJ as to signing the order of approval in the absence of any evidence of fraud or misrepresentation.

Moreover, as counsel for Plaintiff notes, the settlement was presented to the WCJ on July 21, 2016, the day before Mr. Leger died. On that date, the employer had already received a signed "Receipt and Release" from Mr. Leger. Thus, we agree by that date, which was prior to Mr. Leger's passing, there was a "meeting of the minds," and the parties clearly intended for the claim to be resolved on July 21, 2016. All that needed to occur was the "ceremonial" signing of the order of approval, which, as the WCJ stated, she had no discretion to refuse.

Defendants have cited two cases which they contend hold that an order of approval can be set aside due to the subsequent death of Mr. Leger. In support of vacating the WCJ's signing of the order of approval, the employer/insurer cites

4

*Ryder v. Industrial Const. Co.*, 616 So.2d 857 (La.App. 3 Cir.), *writ denied*, 619 So.2d 1068 (La.1993). The court in *Ryder*, 616 So.2d at 858, set forth the following facts in that case:

> A Joint Petition for Approval of Worker's Compensation Compromise Settlement was forwarded to the OWC on October 4, 1990, for judicial approval as required by La.R.S. 23:1272. Plaintiff died from causes unrelated to his work injury on October 18, 1990. Neither the defendants nor the OWC were notified of plaintiff's death. In fact, plaintiff continued to receive weekly benefit checks through November 26, 1990. On November 14, 1990, the OWC approved the compromise settlement.
>
> It was not until January, 1991 that defendants were notified of plaintiff's death. At this time, they filed a motion to set aside the order of approval. The matter was heard on April 18, 1991. The hearing officer found that the failure to notify defendants of plaintiff's death was a misrepresentation under La.R.S. 23:1272.

This court affirmed the WCJ's judgment, finding "no error in the hearing officer's determination that the failure to notify defendants of the relevant fact of plaintiff's death was a misrepresentation sufficient to justify setting aside the order of approval." *Id.* at 859.

The *Ryder* case is clearly distinguishable from the instant case. The WCJ in *Ryder* specifically set aside the order of approval because of the failure to inform the employer of the plaintiff's death. The WCJ in *Ryder* found this was a misrepresentation, and required that the order of approval be set aside. In this case there is no allegation of any fraud or misrepresentation on the part of Plaintiffs, the only two grounds listed in La.R.S. 23:1272(B) which allow for setting aside an order of approval. The facts establish Mr. Leger's counsel immediately notified both the OWC and counsel for the employer/insurer upon learning of Mr. Leger's death. Therefore, the circumstances do not exist in this case, as they did in *Ryder*, to set aside an order of approval under La.R.S. 23:1272(B).

More importantly, the *Ryder* case predated the amendment of La.R.S. 23:1272(B) in 2001, which, in effect, makes a settlement agreement duly made in

5

compliance with the requirements therein self-activating absent fraud or misrepresentation.

Defendants also cite *Trahan v. Liberty Mutual Ins. Co.*, 188 So.2d 435 (La.App. 3 Cir. 1966), in support of its contention that the WCJ's approval of the settlement following Mr. Leger's death was improper. In *Trahan*, the settlement had not been fully executed between the parties prior to the claimant's death. The WCJ specifically noted in her oral reasons for judgment that *Trahan* was distinguishable from the instant case because in *Trahan* "there was an agreement reached, but not to the point where the settlement's been submitted for approval." Again, we note *Trahan* was decided well before the 2001 amendment to La.R.S. 23:1272(B), which removed the WCJ's discretion to make a determination as to whether the settlement was "fair and equitable."

In their second assignment of error, Defendants assert the WCJ committed manifest error in finding a lump sum payment was in the best interest of the parties and that the employer consented to the settlement. We find no merit in this argument.

This argument by Defendants is premised on the requirement in La.R.S. 23:1271(A)(1) that there can only be settlement of a workers' compensation claim "upon agreement between the parties, including the insurer's duty to obtain the employer's consent." However, as Plaintiff notes, Paragraph 8 of the "Joint Petition for Approval of Compromise Settlement," states, "[t]he Employer has been notified of the terms of this settlement and *consents thereto*." (Emphasis added.) Further, Paragraph 11 states, "[a]ll petitioners show that this settlement is fair and equitable and is made subject to the approval of this Honorable Court." Defendants cannot now, in a blatant attempt to renege on their agreement, ignore the provisions of the settlement they bargained for and signed off on.

6

**DECREE**

For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. All costs of this appeal are assessed to appellants, B.O.P. Controls, Inc. and LWCC.

**AFFIRMED.**